Douglas Q. Hahn (SBN: 257559)
  dhahn@sycr.com
Salil Bali (SBN: 263001)
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: 949-725-4000
Facsimile: 949-725-4100

Manish Mehta (admitted pro hac vice)
  mmehta@beneschlaw.com
Lowell D. Jacobson (admitted pro hac vice)
  ljacobson@beneschlaw.com
Zaiba Baig (admitted pro hac vice)
  zbaig@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant*

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>QUSTODIO, LLC,<br><br>        Defendant. | Case No. 8:18-cv-01519-JAK-PLA<br><br>**The Honorable John A. Kronstadt**<br><br>**QUSTODIO'S REPLY MEMORANDUM OF POINTS & AUTHORITIES IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>HEARING DATE: FEBRUARY 25, 2019<br><br>TIME: 8:30AM |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS                          18-CV-01519
11829379 v10

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. PATENT ELIGIBILITY IS A LEGAL QUESTION THAT THE COURT CAN AND SHOULD DECIDE ON THESE PLEADINGS. ........ 1

    A. *Alice* Step One Presents A Pure Legal Issue. .................................... 2

    B. As a Matter of Law, Certain Additional Limitations Cannot Impart an Inventive Concept at *Alice* Step Two. .............................. 2

III. KAJEET HAS NOT REBUTTED THE CLAIMS' FACIAL FAILURE TO SATISFY *ALICE'S* TWO-STEP PATENT ELIGIBILITY TEST ........ 3

    A. Kajeet Has Failed To Show That A Representative Claims Analysis Is Inappropriate Here ......................................................... 3

    B. Kajeet's Expert Declaration is Irrelevant to *Alice* Step One; It is Ineffective at *Alice* Step Two Because it Fails to Address the Claims .............................................................................................. 4

    C. The Claims Are Directed To An Abstract Idea At *Alice* Step One .... 5

        1. *Kajeet's Failure to Address the Overwhelming Weight of Legal Authority is Fatal to its* Alice *Step One Opposition* ...... 6

        2. *The claims do not* recite *improvements to a technical field* .... 7

        3. *Lack of Preemption Cannot Salvage Kajeet's Abstract Idea* ... 8

    D. Kajeet Has Failed to Create a Genuine Factual Dispute that the Claims Lack an "Inventive Concept" at *Alice* Step Two .................. 9

    E. Because Kajeet Has Not Argued *Any* Dispositive Construction Of Any Term, There Is No Dispute Requiring Claim Construction ....... 10

IV. CONCLUSION ........................................................................... 11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS
11829379 v10

18-CV-01519

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*Accenture Global Servs. GmbH v. Guidewire Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013) .................................................................. 5

6
7

*Alice Corp. v. CLS Bank*,
   573 U.S. 208 (2014) .................................................................... *passim*

8
9

*Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*,
   841 F.3d 1288 (Fed. Cir. 2016) .................................................................. 6

10

*Apple, Inc. v. Ameranth, Inc.*,
   842 F.3d 1229 (Fed. Cir. 2016) .................................................................. 7

11
12

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
   788 F.3d 1371 (Fed. Cir. 2015) .................................................................. 8

13
14

*BASCOM Global Internet Servs. v. AT&T Mobility LLC*,
   827 F.3d 1341 (Fed. Cir. 2016) ........................................................... 5, 6, 7

15
16

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018) ............................................................... 4, 7

17
18

*Berkheimer v. HP, Inc.*,
   890 F.3d 1369 (Fed. Cir. 2018) (denying reh'g *en banc*) .............................. 3, 9

19
20

*buySAFE, Inc. v. Google, Inc.*,
   765 F.3d 1350 (Fed. Cir. 2014) ............................................................... 1, 5

21

*Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*,
   59 F. Supp. 3d 974 (C.D. Cal. 2014) ........................................................... 2

22
23

*Content Extraction & Transm'n LLC v. Wells Fargo Bank*,
   776 F.3d 1343 (Fed. Cir. 2014) ............................................................... 5, 7

24
25

*ENFISH, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) .................................................................. 7

26
27

*Finjan, Inc. v. Blue Coat Sys.*,
   879 F.3d 1299 (Fed. Cir. 2018) .................................................................. 7

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-

*Glasswall Sols. Ltd. v. Clearswift Ltd.*,
   2018 WL 6720014 (Fed. Cir. Dec. 20, 2018) ............................................. 6, 7, 8

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
   850 F.3d 1315 (Fed. Cir. 2017) ........................................................................ 5

*Interval Licensing LLC v. AOL, Inc.*,
   895 F.3d 1335 (Fed. Cir. 2018) ....................................................................... 5

*In re Marco Guldenaar Holding B.V.*,
   No. 2017-2465, 2018 WL 6816331 (Fed. Cir. Dec. 28, 2018)
   (Mayer, J., concurring) .................................................................................... 2

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
   811 F.3d 1314 (Fed. Cir. 2016) ............................................................. *passim*

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   788 F.3d 1359 (Fed. Cir. 2015) ................................................................... 1, 5

*Prism Techs. LLC v. T-Mobile USA, Inc.*,
   696 Fed. App'x 1014 (Fed. Cir. 2017) ........................................................ 1, 6

*Return Mail, Inc. v. USPS*,
   868 F.3d 1350 (Fed. Cir. 2017) ....................................................................... 8

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   169 F. Supp. 3d 1039 (C.D. Cal. 2016) (Carter, J.) ....................................... 3

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ............................................................... 2, 3, 8

*Smartflash LLC v. Apple, Inc.*,
   680 Fed. App'x 977 (Fed. Cir. 2017) .......................................................... 5, 6

*Synopsys, Inc. v. Mentor Graphics Corp.*,
   839 F.3d 1138 (Fed. Cir. 2016) ....................................................................... 5

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*,
   135 S. Ct. 831 (2015) .................................................................................... 2, 4

*In re TLI Commc'ns*,
   823 F.3d at 615 ................................................................................................ 5

*Williamson v. Citrix Online, LLC*,
   212 F. Supp. 3d 887 (C.D. Cal. 2016) (Otero, J.) ....................................... 10

## I.    INTRODUCTION

Kajeet's Opposition (Dkt. 43, "Opp.") concedes that these claims are directed to "remote storage of usage policies" via a "distributed architecture."[1] It ignores the plethora of precedent confirming that claims covering near-identical concepts, *e.g.*, "filtering content on the Internet" and "providing restricted access to resources,"[2] are directed to abstract ideas at *Alice* step one. So the claims must provide an inventive concept *significantly beyond* merely implementing the abstract idea over a computer network or on a computer to survive *Alice* step two.[3]

But they do not. Despite its talismanic refrain that the claims are directed to a particular or specific component arrangement or solution, Kajeet never identifies it with any particularity or specificity—just as the claims at issue fail to recite any *specific* technical solution. This is fatal. Nor does Kajeet rebut that the individual claim limitations are used in a conventional manner and cannot impart an inventive concept to the abstract idea. Kajeet's "factual evidence," which likewise fails to identify the "inventive" claim limitations, is similarly flawed and unavailing.

## II.    PATENT ELIGIBILITY IS A LEGAL QUESTION THAT THE COURT CAN AND SHOULD DECIDE ON THESE PLEADINGS.

Kajeet relies on a misstatement of the governing legal standard to manufacture "factual issues" that are not factual issues at all, do not relate to the claim language, or have been repeatedly decided as a matter of law. Such efforts are irrelevant to the § 101 inquiry, which is a "threshold" legal issue. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). That is why the Federal Circuit has routinely "determined claims to be patent-ineligible at the motion to dismiss stage based on intrinsic evidence from the specification without need for extraneous fact finding outside the record." *Secured Mail Sols. LLC v.*

---

[1] *See, e.g.*, Opp. at 8:11–12, 12:12, 19:23–24, 20:14–20, 22:26–27, 24:20–22.
[2] *E.g.*, *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341, 1348 (Fed. Cir. 2016) (filtering content); *Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 Fed. App'x 1014, 1017 (Fed. Cir. 2017) (access control).
[3] *Alice Corp. v. CLS Bank*, 573 U.S. 208, 223–26 (2014); *see buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (computers communicating over a network "is not even arguably inventive").

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

*Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017) (internal quotation omitted). That is because patent "[e]ligibility questions mostly involve general historical observations, the sort of findings routinely made by courts deciding legal questions." *Cal. Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 978 n.6 (C.D. Cal. 2014); *see In re Marco Guldenaar Holding B.V.*, No. 2017-2465, 2018 WL 6816331, at *6 (Fed. Cir. Dec. 28, 2018) (Mayer, J., concurring) (same).

## A.     *Alice* Step One Presents A Pure Legal Issue.

Kajeet admits that step one of *Alice*, which requires assessing the claims in view of the specification, is limited to the intrinsic evidence. *See* Opp. at 13:27–14:6. And "when the district court reviews only evidence intrinsic to the patent (the patent claims and specification, along with the patent's prosecution history), the judge's determination will amount *solely to a determination of law*." *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015) (emphasis added). Yet Kajeet's rebuttal to *Alice* step one cites extensively to a supporting fact declaration (Dkt. 43-7, "Decl.") to bolster its argument that these claims are somehow not directed to an abstract idea. The effort to muddy this issue as something other than a "pure legal inquiry" by manufacturing a factual dispute, whether based on the declaration or the Complaint's conclusory characterization of the patents' subject matter (*id.* at 21:6–7), is irrelevant to the instant question and should be ignored.

## B.     As a Matter of Law, Certain Additional Limitations Cannot Impart an Inventive Concept at *Alice* Step Two.

As to *Alice* step two, the Court need not resolve unanswered factual issues, because none have been properly presented, and therefore is not "premature" as Kajeet argues. *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1325–26 (Fed. Cir. 2016) ("[A]s numerous cases have recognized, . . . a § 101 analysis may sometimes be undertaken without resolving fact issues."). "[W]hen the evidence that aspects of the invention are not well-understood, routine, and conventional does not pertain to the invention *as claimed*, it will not create a factual dispute as to these claims." *Berkheimer v. HP, Inc.*, 890 F.3d 1369, 1372

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS
11829379 v10

18-CV-01519

1  (Fed. Cir. 2018) (emphasis added). Nor can expert testimony create a factual
2  dispute without identifying specific claim limitations and explain how they impart
3  the inventive concept. *See Mortg. Grader*, 811 F.3d at 1326.

4      In alleging that a factual dispute exists, Kajeet misstates Rule 12(b)(6) as
5  "requir[ing] that all allegations in the Complaint, including Plaintiff's explanation
6  of the invention, be taken as true."[4] Opp. at 9:8–9. But the Court need only accept
7  *factual* allegations that are both well-pleaded and plausible—not "legal
8  conclusions couched as factual allegations" "labels." *See Secured Mail Sols. LLC v.*
9  *Universal Wilde, Inc.*, 169 F. Supp. 3d 1039, 1043–44 (C.D. Cal. 2016) (Carter, J.)
10  (citing *Iqbal* & *Twombly*); it need not "accept as true allegations that contradict
11  matters properly subject to judicial notice or by exhibit, such as the claims and
12  patent specification." *Secured Mail*, 873 F.3d at 913 (internal quotation omitted).

13  **III.  KAJEET HAS NOT REBUTTED THE CLAIMS' FACIAL FAILURE TO SATISFY *ALICE'S* TWO-STEP PATENT ELIGIBILITY TEST**
14  
15  **A.  Kajeet Has Failed To Show That A Representative Claims Analysis Is Inappropriate Here**

16      Kajeet baldly concludes that the limitations at issue for other independent
17  claims, referred to collectively in exemplary fashion, "are material" and "result in
18  different claim scope." Opp. at 17:19–18:1. The dependent claims are also
19  addressed as a whole, and without identifying *any* limitation, allegedly "narrow the
20  independent claims in manners that elaborate on how the claimed system operates"
21  to "further confine the claims to complete implementations of the claimed systems
22  that are patent eligible." *Id.* at 18:6–7, 18:17–18. Kajeet's "analysis" omits the
23  specific claim language alleged to be dispositive, and fails for that reason alone.[5]
24  *See id.* at 17:19–18:18. These bare assertions are not meaningful argument, ignore
25  what distinctive significance other limitations have, and thus cannot meet *Kajeet's*

[4] Kajeet's bizarre citation to outdated pre-*Twombly* law only underscores this error. Opp. at 16:20–22 (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).
[5] Kajeet's reliance on *McRO* is misplaced; the court treated claim 1 as representative, without dispute that "neither the different text of the other independent claims nor the added limitations of the dependent claims in either patent affected the result regarding patentability." *See* 837 F. 3d 1299, 1307 & n.3.

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS          18-CV-01519
11829379 v10
STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

1   *burden* to show that representative claims analysis is *inappropriate* here.[6]

2   **B.   Kajeet's Expert Declaration is Irrelevant to *Alice* Step One; It is Ineffective at *Alice* Step Two Because it Fails to Address the Claims**

3   Kajeet's reliance on an expert declaration to preclude threshold resolution of the pure legal issue presented by *Alice* step one is legally unavailing. *Teva*, 135 S. Ct. at 841. At *Alice* step two, it is no more effective in seeking to manufacture a factual issue regarding ordinary computer/networking components used conventionally because it fails to specify the corresponding claim language.

Of the substantive portions of the declaration, ¶¶16–17 describe the prior art. Kajeet's "distributed architecture scheme" is described at a high level in ¶18 without reference to the patent or its claims, and ¶¶19–20 speak broadly and generally about the patents and the contents of their specification, untethered to the claims. The claims are addressed topically in ¶¶21–23,[7] which opine that they capture the distributed architecture arrangement and confine it to a particular technical field (addressing the pure legal issue of *Alice* step one); ¶24 summarizes the prior three paragraphs and conclusorily asserts that the claims are directed to "improvements" to computer systems inherent to using the internet to remotely store device usage policies. Qustodio's parenting analogy is critiqued in ¶¶25–28. The declaration ignores the "inventive concept" of any individual claim limitation, only addresses the claims "as an ordered combination of elements" in ¶29, but does not identify any limitations (let alone their combination or order) that impart an inventive concept to the abstract idea. And ¶30 avers a concluding opinion that the general arrangement meaningfully limits claim scope. Specific identification of particular claim limitations and their import to the invention are glossed over.

While emphasizing the import of its conclusory declaration, Kajeet neglects to rebut the Federal Circuit decisions holding that numerous claim elements,

---

[6] *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (claim may be treated as representative "if *the patentee does not present any meaningful* argument for the *distinctive* significance" of other claim limitations) (emphases added).

[7] ¶¶21–22 do not cite any claim language, but instead summarize selected portions.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1  whether alone or in combination, simply "cannot provide an inventive concept

2  sufficient to save claims from patent eligibility." *See Mortg. Grader*, 811 F.3d at

3  1326. Some of this "non-inventive" aspects relevant here include:

4  - using a generic computer to implement an abstract idea, *id.* (citing *Alice*), and
5    "generalized software components," (*Accenture Global Servs. GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013));

6  - "conventional computer activities" (*OIP*, 788 F.3d at 1362–64): e.g., storing,
7    receiving, transmitting, retrieving, writing, and/or combining data or
       information (*Intellectual Ventures I LLC v. Erie Indem. Co*., 850 F.3d 1315,
8    1329 (Fed. Cir. 2017); *Smartflash LLC v. Apple, Inc.*, 680 Fed. App'x 977, 982–
       83 (Fed. Cir. 2017); *Content Extraction & Transm'n LLC v. Wells Fargo Bank*,
9    776 F.3d 1343, 1348 (Fed. Cir. 2014));

10  - sending or accessing information over a network, including through a user
11    interface (*buySAFE*, 765 F.3d at 1355; *Interval Licensing LLC v. AOL, Inc.*, 895
       F.3d 1335, 1347 (Fed. Cir. 2018)) and "functional descriptions of server
12    components," (*In re TLI Commc'ns*, 823 F.3d at 615);

13  - generic computer parts (*Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d
       1138, 1149 (Fed. Cir. 2016), e.g., an interface, network, and database (*Mortg.*
14    *Grader* at 1324–25), "generic computer, network, and Internet components"
       arranged in conventional and generic ways (*BASCOM*, 827 F.3d at 1349–50).

15  ### C.   The Claims Are Directed To An Abstract Idea At *Alice* Step One

16  These claims are plainly directed to an abstract idea. Kajeet concedes that

17  they are directed to "remote storage of usage policies" via a "distributed

18  architecture," *see supra* n.1, implementing "policy-based controls over

19  communication devices." Opp. at 19:19. A plethora of cases have held virtually

20  identical concepts to be abstract. Mot. at 8–9. As it cannot distinguish this

21  authority, Kajeet elides the issue by alleging three sweeping reasons why its claims

22  are not directed to an abstract idea such that each passes *Alice* step one

23  > [B]ecause each is: (1) rooted in computing and network technology;
24  > (2) represents improvements in the security and effectiveness in how
       systems implementing policy-based control over communication
25  > devices operate; and, (3) are directed to specific implementations of
       such improved systems such that there is no risk of preemption

26  Opp. at 19:11–15. Kajeet is wrong on all counts.

27  ///

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS                           18-CV-01519
11829379 v10

1    **1.    *Kajeet's Failure to Address the Overwhelming Weight of Legal Authority is Fatal to its* Alice *Step One Opposition***

Kajeet's failure to even address the analogous cases cited in the Opening Brief demonstrating that the claimed idea is abstract[8] is fatal. It is undisputed that courts "examine earlier cases in which a similar or parallel descriptive nature can be seen—what prior cases were about, and which way they were decided." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1294 (Fed. Cir. 2016). Precedent establishes beyond cavil that these claims—whether described as "remote storage of usage policies" over a network or "policy-based controls over communications devices"—are squarely directed to an abstract idea, not "rooted in computer and network technology" as Kajeet claims.

Perhaps the closest factual analogue is found in *BASCOM*, where the claims at issue generally recited a system for filtering internet content, located on a remote ISP server that associated each network account with at least one filtering scheme and set of filtering elements to permit customized filtering of Internet traffic for each account. *See* 827 F.3d at 1345. Those claims were "directed to filtering content on the Internet," and "filtering content is an abstract idea because it is a longstanding, well-known method of organizing human behavior, similar to concepts previously found to be abstract."[9] *Id.* at 1348.

Kajeet fails to distinguish how its claims capture an idea that is different than those presented herein. Whether termed "access control" as in *Prism* or as "customized content filtering" as in *BASCOM*, these claims parallel others held to

---

[8] *E.g.*, *Prism Techs.*, 696 Fed. App'x at 1016–17 (controlling access to protected computer resources was abstract because "humans similarly restrict and provide access"); *Smartflash*, 680 Fed. App'x at 982–83 ("conditioning and controlling access to data based on payment" was an abstract idea); *Symantec*, 838 F.3d at 1313–14 (holding email filtering was abstract based on "long prevalent practice for people receiving paper mail").

[9] "[T]he claims here deliver the allowable content and inhibit the communication of other content… merely requir[ing] the conventional manipulation of information by a computer[, which w]e have often held… to be abstract." *Glasswall Sols. Ltd. v. Clearswift Ltd.*, 2018 WL 6720014 at *1 (Fed. Cir. Dec. 20, 2018).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS                    18-CV-01519
11829379 v10

1    be abstract.[10] But while this longstanding human behavior confirms that the idea is

2    abstract, 827 F.3d at 134, merely using a remote networked computer to effect that

3    control does not render the concept of access control somehow non-abstract.

4              **2.** ***The claims do not recite improvements to a technical field***

5    Kajeet is again incorrect that the mere idea of "remote storage" of policies

6    (to purportedly enhance security) on an internet server to simultaneously control

7    multiple communication devices is a non-abstract improvement in operation of

8    computer systems themselves. *See id.* at 19:28–20:4. The "plain focus" *of the claim*

9    must be on "a *specific* improvement *to the way computers operate*."[11] *ENFISH,*

10   *LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336–37 (Fed. Cir. 2016) (emphases

11   added). Here, the claims recite no such specifics, and neither they nor Kajeet's

12   brief explain *how* or *why* "remote storage" of the policies reducing "vulnerab[ility]

13   to manipulation" actually provides an improvement beyond what was known in the

14   art.[12] *Id.* at 16:23–17:5. To the contrary, "[r]emote storage of policies" was well-

15   known to "improve security"; it made their simultaneous application

16   conventional.[13] Despite its refrain that the claims are directed to an

17   "improvement," Kajeet fatally fails to identify any such language.[14]

18   Kajeet improperly relies on two *extrinsic* pillars to argue that the claims

19   capture patent-eligible technological improvement. But neither bears the weight of

20   ───────────────
     [10] The specification tellingly admits that "it is further known to establish some
21   measure of parental or administrative control over an account," Dkt. 43-2, 3:17–18.
     [11] "[A]n improvement to computer functionality itself" must enable a system "to do
22   things it could not do before," not merely "perform familiar tasks with greater
     speed and efficiency," *Finjan, Inc. v. Blue Coat Sys.*, 879 F.3d 1299, 1305 (Fed.
23   Cir. 2018) or "perform[] 'well-understood, routine, [and] conventional activities
     previously known to the industry,'" *Content Extraction*, 776 F.3d at 1347–48.
24   [12] *See Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (patents
     that do "not claim a particular way of programming or designing the software . . .
25   but instead merely claim the resulting systems," are abstract); *Glasswall*, 2018 WL
     6720014 at *1 (failure to recite "how" steps were performed made claims abstract).
26   [13] *BASCOM* recognized that using a central network server to simultaneously apply
     usage policies to multiple devices in real-time was known in the industry *by 1997*,
27   over a decade before the Asserted Patents' priority date. 827 F.3d at 1343–44.
     [14] *See Berkheimer*, 881 F.3d at 1369 (claim is abstract if it "does not recite any of
28   the purportedly unconventional activities disclosed in the specification").

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS                                    18-CV-01519
11829379 v10

scrutiny. Kajeet first argues that a single conclusory paragraph of the complaint "captures th[e] concept" that the subject matter *of the claims* satisfies *Alice* step one by "providing an improvement to a technical field." Opp. at 21:2–7. But the cited paragraph is not a well-pleaded fact; it is merely a self-serving characterization of the patents' contents. *See Secured Mail*, 873 F.3d at 913. It merely summarizes the *disclosure* of the patents in the context of their so-called "unconventional scheme"; only describing the claims collectively and in conclusory fashion, eliding their recitation. Opp. at 21:2–7, 11:22–12:7. Second, the cited declaration cited offers no more. *See id.* 20:2–4, 21:2–6. Its sole relevant paragraph conclusorily asserts that "the claimed systems improve the functionality of the computer-based systems." Decl. at ¶24. Neither pillar relied upon actually specifies claim language or explains *how* the claims capture any particular solution; that is fatal to Kajeet's argument. *See Glasswall*, 2018 WL 6720014 at *2.

### 3. *Lack of Preemption Cannot Salvage Kajeet's Abstract Idea*

Kajeet argues that a generic networked environment with remote policy storage in arguing that the claims do not preempt "the greater concept of effecting device management through selective access to features/content." Opp. at 24:16–20. This misses the mark because it ignores black-letter law that the "absence of complete preemption does not demonstrate patent eligibility," because "preemption concerns are fully addressed and made moot" if a claim is directed to an abstract idea. *Return Mail, Inc. v. USPS*, 868 F.3d 1350, 1370 (Fed. Cir. 2017); *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015). Arguing that Qustodio's analogy omits certain specific limitations (Opp. at 25:25–27:7) is irrelevant: "Under *Alice* step one, 'claims are considered *in their entirety* to ascertain whether *their character as a whole* is directed to excluded subject matter.'" *Smart Sys.*, 873 F.3d at 1371 (emphasis added). Individual limitations are the focus of *Alice* <u>step two</u>. *See id.* at 1373–74. Because Kajeet has neither argued nor shown that such limitations affect "*the character of the claims as a whole*,"

they are irrelevant to the inquiry at *Alice* <u>step one</u>.

### D. Kajeet Has Failed to Create a Genuine Factual Dispute that the Claims Lack an "Inventive Concept" at *Alice* Step Two

Kajeet's efforts to manufacture a "factual" dispute at *Alice* step two are no more successful; rather than rebut Qustodio's analysis, Kajeet asserts unsupported legal conclusions and characterizes them as facts. It is clear that standard computer/networking components used conventionally cannot impart the "inventive concept" needed to render eligible an abstract idea patentable. Section III.B, *supra*; Mot. at 13:20–23:16. Tellingly, Kajeet ignores this precedent and does not even attempt to rebut that the individual claimed elements are generic (Mot. at 14:11-17:23) and the functional limitations are conventional (*id.* at 17:24–23:16).

Even if *Alice* step two permits factual argument, such evidence must not only pertain to the invention as claimed but also specify the corresponding claim language. *Berkheimer*, 890 F.3d at 1372; *Mortg. Grader* at 1326. Kajeet's *ipse dixit* omits that specificity: "[C]onsidered as an ordered combination of elements, the challenged claims comprise an 'inventive concept' manifest in at least the requirement of storing usage policies remotely from the managed devices." Opp. at 17:20. This does not explain *how* the "ordered combination" adds an inventive concept. The sole paragraph of the declaration that purports to address the claims "as an ordered combination of elements" fares no better, likewise failing to identify the key claim language. *See* Decl. ¶29. It concludes that the requirement of storing usage policies remotely from managed devices was "unconventional" and thus yielded "improvements" in system operation. *See id.* This elides *what* was "unconventional" about the requirement and *how* it "improved" anything in the art.

Kajeet's conclusory argument that the claims provide a "technological solution" to "a problem rooted in technology" likewise fails at *Alice* step two because it does not attempt to address the requirement to identify an "inventive concept" in the claim language. Opp. at 22:12–23:7. And Kajeet cannot fairly

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

dispute that the core problem here relates to human behavior,[15] especially when the patents' "Background" section offers many examples for managing, such as that of children or employees. Dkt. 43-2 at 1:64–3:60. Kajeet does not attempt to explain why this problem only resides in technology with reference to the claims, or distinguish Qustodio's cited cases holding otherwise.[16] Its reliance on its expert declaration cannot establish that the claims solve a technical problem with technology because, the declaration does not identify the relevant claim limitations that purportedly solve that problem or explain how they do so beyond implementing the idea itself. Decl. ¶¶13–15, 20–23; *Mortg. Grader* at 1326.

Such "factual" arguments that elide specifying the corresponding claim language cannot preclude a "threshold" step two *Alice* ruling. Just as an abstract idea on a computer remains abstract, *ipse dixit* from an expert remains *ipse dixit*.

### E.   Because Kajeet Has Not Argued *Any* Dispositive Construction Of Any Term, There Is No Dispute Requiring Claim Construction

Finally, Kajeet pleads that claim construction "may be required" if allegedly-inventive aspects of its claims "are not readily apparent." Opp. at 25:3–4. (Because they do not exist.) "If there are claim construction *disputes* at the Rule 12(b)6 stage . . . the court must proceed by adopting *the non-moving party's constructions* . . . or the court must resolve *the disputes* to whatever extent is needed to conduct the § 101 analysis." *Aatrix*, 882 F.3d at 1125 (emphases added). Kajeet does not proffer *any* construction of *any* the generic hardware, concepts, and functions it identifies, let alone specific ones that are *Alice*-dispositive. So no "dispute" requires resolution here. The court need not determine each limitation's precise scope if it has "a full understanding of *the basic character of the claimed subject matter*," *Bancorp Servs. LLC v. SunLife Assur. Co.*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) (emphasis added), which is evident from the briefing and the claims.

---

[15] That the behavior involves use of devices or access content is not limiting to a particular technological environment, let alone innovative. *See supra* n.8.

[16] *E.g.*, *Williamson v. Citrix Online, LLC*, 212 F. Supp. 3d 887, 898 (C.D. Cal. 2016) (Otero, J.) (use of generic technological components and routine computer functions does not make the problem addressed technical in nature.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    CONCLUSION

Accordingly, Qustodio respectfully requests that the Court grant its Motion.

Dated: January 18, 2019              STRADLING YOCCA CARLSON &
                                     RAUTH, P.C.

                                     By:  */s/ Salil Bali*
                                           Douglas Q. Hahn
                                           Salil Bali


                                     BENESCH, FRIEDLANDER, COPLAN &
                                     ARONOFF LLP
                                     Manish Mehta
                                     Lowell D. Jacobson
                                     Zaiba Baig


                                     ***Attorneys for Defendant QUSTODIO, LLC***

QUSTODIO'S REPLY ISO ITS MOTION TO DISMISS                         18-CV-01519
11829379 v10