BRANDON C. FERNALD
FERNALD LAW GROUP
510 West Sixth Street, Suite 700
Los Angeles, California 90014
Telephone:  323-410-0320
Facsimile:   323-410-0330
Email:  brandon.fernald@fernaldlawgroup.com

JONATHAN T. SUDER (*Pro Hac Vice*)
MICHAEL T. COOKE (*Pro Hac Vice*)
CORBY R. VOWELL (*Pro Hac Vice*)
RICHARD A. WOJCIO, JR. (*Pro Hac Vice*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  mtc@fsclaw.com
Email:  vowell@fsclaw.com
Email:  wojcio@fsclaw.com

Attorneys for Plaintiff
KAJEET, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>QUSTODIO, LLC,<br><br>Defendant. | CASE NO. 8:18-cv-01519-JAK-PLA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**<br><br>Hearing: November 18, 2019<br>Time: 8:30am |

PLEASE TAKE NOTICE that Plaintiff Kajeet, Inc. will and hereby does move the Court for an Order granting Plaintiff leave to amend its infringement contentions originally served on December 11, 2018 in connection with Plaintiff's Disclosures of Asserted Claims and Infringement Contentions.  Plaintiff's request that such leave be granted without prejudice to Plaintiff serving its Final Infringement Contentions pursuant to this Court's Standing Patent Rules on or before the deadline set in the scheduling order entered in this case [Dkt. No. 88].

This Motion is based on the Notice of Motion and Motion, the Memorandum, the Declaration of Richard A. Wojcio, Jr., and all other matters properly filed in connection with the Motion, the records and files herein.

Plaintiff contends that this Motion may be decided without oral argument and has requested that Defendant join it, pursuant to L.R. 7-15, in requesting the Court's consent to decide this Motion on the briefs and waive oral argument.  Defendant indicated that it is only willing to waive oral argument if Plaintiff waives its right to file a reply brief, which Plaintiff is unwilling to do.  If agreement is reached on this point, a subsequent filing will be made to that effect.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 5, 2019.


DATED: August 9, 2019.                    /s/ *Richard A. Wojcio, Jr.*

Jonathan T. Suder
Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio, Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  mtc@fsclaw.com
Email:  vowell@fsclaw.com

**PLAINTIFF'S NOTICE OF MOTION AND MOTION**

ii

Email:  wojcio@fsclaw.com

BRANDON C. FERNALD
FERNALD LAW GROUP
510 West Sixth Street, Suite 700
Los Angeles, California 90014
Telephone:  323-410-0320
Facsimile:   323-410-0330
Email: brandon.fernald@fernaldlawgroup.com

Attorneys for Plaintiff
KAJEET, INC.

BRANDON C. FERNALD
FERNALD LAW GROUP
510 West Sixth Street, Suite 700
Los Angeles, California 90014
Telephone:  323-410-0320
Facsimile:  323-410-0330
Email:  brandon.fernald@fernaldlawgroup.com

JONATHAN T. SUDER (*Pro Hac Vice*)
MICHAEL T. COOKE (*Pro Hac Vice*)
CORBY R. VOWELL (*Pro Hac Vice*)
RICHARD A. WOJCIO, JR. (*Pro Hac Vice*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  mtc@fsclaw.com
Email:  vowell@fsclaw.com
Email:  wojcio@fsclaw.com

Attorneys for Plaintiff
KAJEET, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC., | CASE NO. 8:18-cv-01519-JAK-PLA |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** |
| QUSTODIO, LLC, | |
| Defendant. | Hearing: November 18, 2019 |
| | Time: 8:30am |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>Table of Contents</u>

I.      INTRODUCTION ...........................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND........................................2

III.    LEGAL STANDARD....................................................................................5

IV.    ARGUMENT ..................................................................................................7

        A.      The Standing Patent Rules Permit Amendment........................................7

        B.      Good Cause Exists for Amendment..........................................................9

        C.      Qustodio will Suffer No Prejudice .........................................................12

V.      CONCLUSION.............................................................................................13

# TABLE OF AUTHORITIES

## CASES:

*Acer, Inc. v. Tech. Props. Ltd.*,
No. 08-cv-00882 JF (HRL), 2010 U.S. Dist. LEXIS 142472 (N.D. Cal. Sept. 10, 2010) ....................................................................................................................... 6

*Atmel Corp. v. Information Storage Devices, Inc.*,
No. C 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564 at *2 (N.D. Cal. 1998) ............... 6

*Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 U.S. Dist. LEXIS 163739, at *13 (N.D. Cal. 2012) ........................................................................... 6

*Delphix Corp. v. Actifio, Inc.*,
No. 13-CV-04613 BLF (HRL), 2015 U.S. Dist. LEXIS 131821 (N.D. Cal. 2015).. 6,11

*Fonville v. Dist. of Columbia*,
230 F.R.D. 38, 45 (D.D.C. 2005) ................................................................................. 9

*Fortinet, Inc. v. Palo Alto Networks, Inc.*,
No. C-09-00036 RMW, 2010 U.S. Dist. LEXIS 145792 at *3 (N.D. Cal. Nov. 5, 2010) ..................................................................................................................... 11

*Hindmon v. Natl.-Ben Franklin Life Ins. Corp.*,
677 F.2d 617, 619 (7th Cir. 1982) ............................................................................... 9

*LG Elecs. Inc. v. Q—Lity Computer Inc.*,
211 F.R.D. 360, 367 (N.D. Cal. 2002)......................................................................... 6

*McDougall v. Dunn*,
468 F.2d 468, 472-73, 476 (4th Cir. 1972) ................................................................. 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355, 1366-68 (Fed. Cir. 2006). ................................................................. 6

*Overton v. City of Harvey*,
29 F. Supp. 2d 894, 901 (N.D. Ill. 1998)..................................................................... 9

*Separation Design Grp. IP v. Inogen, Inc.*,
No. LA CV15-08323 JAK (JPRx), 2016 U.S. Dist. LEXIS 186721, at *7-8 (C.D. Cal.
2016) ........................................................................................................... 10, 11

*United States v. Quebe*,
321 F.R.D. 303, 309-10 (S.D. Ohio 2017) ................................................. 9

*Villareal v. El Chile, Inc.*,
266 F.R.D. 207, 211 (N.D. Ill. 2010) ......................................................... 9

**STATUTES and OTHER AUTHORITIES:**

Fed. R. Civ. P. 26(e) ...................................................................................... 8

Initial Patent Order for Cases Assigned to Judge John A. Kronstadt (2019),
at S.P.R. 2.1 .............................................................................................. 5, 7

Initial Patent Order for Cases Assigned to Judge John A. Kronstadt (2019),
S.P.R. 2.2 ..................................................................................................... 5

Initial Patent Order for Cases Assigned to Judge John A. Kronstadt (2019),
S.P.R. 4.1 .......................................................................................... 2, 5, 6, 7

Initial Patent Order for Cases Assigned to Judge John A. Kronstadt (2019),
S.P.R. 4.1.2 ................................................................................................ 5-6

Patent Local Rules for Northern District of California (2017),
at Patent L.R. 3-6 ............................................................................... 6, 10-11

*Peter S. Menell et al., Federal Judicial Center, Patent Case Management Judicial
Guide* 4-14 (2009) ........................................................................................ 6

Out of an abundance of caution, Plaintiff Kajeet, Inc. ("Kajeet") hereby moves for leave to amend and supplement its Disclosure of Asserted Claims and Infringement Contentions to include recently discovered evidence and add claims from the Patents-in-Suit to the case. The leave requested is without prejudice to Kajeet's filing of Final Infringement Contentions on the date set by the scheduling order in this case [Dkt. No. 88] and pursuant to this Court's rules.

The effect of the amendment sought is addition of new evidence in support of Kajeet's infringement contentions, clarification of evidence previously presented to correspond to the new evidence, and the assertion of additional claims from the '559 Patent, one of the existing Patents-in-Suit.[1]

## I.   INTRODUCTION

Following review of recently produced and long-overdue non-public information describing operation of the Accused Products by Qustodio, LLC ("Qustodio") on July 5, 2019, and in light of the Court's tentative rulings at the combined hearing on claim construction and Qustodio's second *Alice* Motion held on July 15, 2019, Kajeet amended its infringement contentions to incorporate the discovery responses and to assert additional claims of the '559 Patent.[2] Accordingly, Kajeet served its First Supplemented Disclosure of Asserted Claims and Infringement Contentions ("Supplemented PICs") on August 1, 2019.

---

[1] The substantive revisions to the Exhibits attached to Plaintiff's First Supplemented Disclosure of Asserted Claims and Infringement Contentions include: the addition of slides number 2, 3, 10, 13-16, 21, and 24 to Exhibit A (claim chart for '371 Patent); addition of slides numbered 2-69, 80-85, 91, 94, and 95 to Exhibit B (claim chart for '559 Patent); and, the addition of slides number 2-4, 11-17, 21, 30, 32, 35, and 38 to Exhibit C (claim chart for '559 Patent). These and other changes are shown in the redline at Ex. F to the Declaration of Richard A. Wojcio, Jr.

[2] While there are other patents in the Kajeet portfolio which Plaintiff believes are implicated, Plaintiff is not adding any new patents to this case.

Qustodio is not be prejudiced by their entry.  Service at this time ensured that Qustodio is apprised of Kajeet's amended and supplemented infringement contentions ahead of Qustodio's filing its Answer in this case, three months before Qustodio's expert report filing date (November 6, 2019), nearly six months ahead the discovery cutoff date (January 24, 2020), and before Qustodio has even noticed a deposition in this case.

In response, Qustodio incorrectly and without basis, contends that Kajeet's Supplemented PICs ***are prohibited*** by this Court's Standing Patent Rules ("SPRs"). Qustodio takes this position despite acknowledging that amendment of infringement contentions is permitted in connection with Final Infringement Contentions.  Even more troubling, Qustodio contends that it is "under no obligation to respond to these in any way, including but not limited to supplementing our discovery responses."

Kajeet believes the present motion is unnecessary under the SPRs, which do not require prior authorization from the Court when amendments are made, even in the context of serving Final Infringement Contentions [SPR 4.1]. To the extent leave is necessary, good cause exists for the filing of this Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Kajeet filed its original Complaint on August 24, 2018 [Dkt. No. 1] alleging infringement of several of Kajeet's patents by Qustodio's making, using, selling, and/or importing its Qustodio for Family, Qustodio for Schools, and Qustodio for Business products.  In accordance with the Court's SPRs, Kajeet served it Disclosure of Asserted Claims and Infringement Contentions on December 11, 2018, which identified several claims from each of U.S. Patents Nos. 8,712,371, 8,630,612, and 8,667,559 ("the '559

Patent") infringed by the Accused Products of Qustodio and included claim charts in support thereof. *See, generally,* Wojcio Decl. at ¶16; Ex. C.[3]

On February 25, 2019, the Court entered a scheduling order in this case [Dkt. No. 55] which set a deadline of March 11, 2019 for production of technical documents describing operation of its Accused Products pursuant to SPR 2.6.1.[4]   Qustodio produced only 18 total pages of documents purportedly in compliance with SPR 2.6.1, insisting that it need only produce source code for the Accused Products to satisfy its SPR 2.6.1 requirement.   Wojcio Decl. at ¶5.   Thereafter, Qustodio has repeatedly refused to produce additional technical documents pursuant to the SPRs or in response to Kajeet's discovery requests.   Wojcio Decl. at ¶¶5, 17; Ex. D.

Kajeet served its First Set of Interrogatories and First Set of Requests for Production of Documents and Things on March 14, 2019.   Wojcio Decl. at ¶6.   Many of these Interrogatories and Requests were addressed to the features, functionality, operation, and components comprising the Accused Products.   Wojcio Decl. at ¶6. Qustodio responded to each such Interrogatory by invoking Rule 33(d), broadly and improperly identifying the entirety of the source code for the Accused Products as being responsive. *Id*.   These Interrogatory Responses were served on April 15, 2019 *without a verification statement*. *Id*.   Similarly, in response to Kajeet's RFPs, Qustodio refused to produce additional technical documents addressed to the features, functionality, operation, and components comprising the Accused Products. *Id*.   Qustodio contended that any such production would be cumulative of the source code and its SPR 2.6.1 production and, therefore, need not be produced. *Id*.

---

[3] Submitted herewith is the Declaration of Richard A. Wojcio, Jr. ("Wojcio Decl."). All citations to exhibits in this Motion shall refer to the exhibits attached to the Wojcio Decl.

[4] This production deadline is apart from Qustodio's separate, subsequent deadline for production of source code set on March 25, 2019.

In the months that followed, Kajeet made repeated objections to Qustodio's refusal to provide meaningful and verified responses to Kajeet's discovery requests while also undertaking to travel to Qustodio's counsel's offices on two separate two day trips to review the source code of the Accused Products. Wojcio Decl. at ¶¶6, 7. These trips occurred on April 11-12 and May 20-21, 2019, respectively. Wojcio Decl. at ¶7. At the conclusion of each of these visits, Kajeet's counsel requested that hard copies of certain modules within the source code be produced pursuant to Section 5.3 of this Court's Standing Protective Order entered in this case. *Id.* Inexplicably, and despite Qustodio's repeated hiding behind is production of source code as satisfying all of its discovery obligations under the Federal Rules and this Court's SPRs, Qustodio refused to produce any of the requested modules. Wojcio Decl. at ¶7; Ex. D.

Kajeet sent a discovery letter to Qustodio on June 11, 2019 detailing the many deficiencies in Qustodio's production, including each identified herein, among others, and requested a conference of counsel to resolve these issues ahead of Kajeet filing a motion to compel production. Wojcio Decl. at ¶¶8, 18; Ex. E. Only after waiting the maximum time permitted under the Local Rules to hold the requested conference of counsel, then delaying another two weeks, did Qustodio finally serve its First Supplemental Responses to Kajeet's First Set of Interrogatories on July 5, 2019. Wojcio Decl. at ¶¶8, 14; Ex. A. Qustodio's Supplemental Responses included new, non-public information relating to the operation of the Accused Products and a verification statement which was missing from its original responses.[5] Wojcio Decl. at ¶¶9-11.

At around this same time, Qustodio abandoned without explanation its refusal to produce hard copies of source code modules that had been requested by Kajeet months earlier. Wojcio Decl. at ¶12; Ex. D. The hard copies of source code were produced

---

[5] Despite the verification statement showing execution thereof on July 1, 2019, Qustodio withheld service thereof until Friday, July 5, 2019, for no other purpose than to imbue further delay in finally providing an operative response the Kajeet's Interrogatories.

without any identifying indicia on the documents, however, and were effectively unusable until July 18, 2019 when Qustodio provided an index correlating the Bates numbers of the documents to the file paths and names for each module produced. *Id.*

These productions were made just before and after the hearing on July 15, 2019. An order has not yet been entered for the matters argued at the July 15, 2019 hearing, but the Court's tentative order delivered during the hearing suggested that the asserted claims of the '371 and '612 Patents may not survive *Alice* while the asserted claims of the '559 Patent would survive *Alice*. Armed with the Court's tentative ruling on patent eligibility, its tentative claim constructions, and Qustodio's Supplemental Interrogatory responses and hard copies of certain source code modules, Kajeet reevaluated its infringement contentions, made certain amendments and supplementations thereto, and served its Supplemented PICs on August 1, 2019. Wojcio Decl. at ¶13; Ex. B.

## III.   LEGAL STANDARD

This Court's SPRs set out the various requirements relating to the timing and content of preliminary and final infringement contentions to be served by Plaintiffs in patent infringement cases. These SPRs are presented in Exhibit B to the Standing Orders for Civil Cases Assigned to Judge John A. Kronstadt, entered in this case on September 6, 2018 [Dkt. No. 19] and April 2, 2019 [no docket entry].

SPRs 2.1 and 2.2 detail the timing and contents of Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, which are to be served within 14 days of entry of an order setting the scheduling conference. S.P.R. 2.1; 2.2. These rules are silent as to whether the Disclosure of Asserted Claims and Infringement Contentions may be amended and are likewise silent as to the procedure or prerequisites for making any such amendment. *Id.*

SPR 4.1, *et. seq.*, details the timing and contents of Plaintiff's Final Infringement Contentions and expert reports. S.P.R. 4.1. SPR 4.1 notes that the deadlines set for service of Final Infringement Contentions "do not excuse the requirement to

supplement disclosures and discovery responses promptly." *Id*. Further, SPR 4.1.2 expressly contemplates that Final Infringement Contentions may amend the SPR 2.1 contentions and provides the bases for showing good cause for amending, stating:

> **4.1.2** A statement that its S.P.R. 2.1 contentions are its Final Infringement Contentions, or in the alternative, ***Final Infringement Contentions that amend its S.P.R. 2.1 contentions***. A party serving Final Infringement Contentions that amend its prior contentions shall also provide a redline against its prior contentions and a statement of reasons for each amendment. ***Amendments are subject to a good cause standard but do not require prior Court approval where*** they are made due to a claim construction by the Court different from that proposed by the party seeking amendment, ***or recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions***. S.P.R. 4.1.2 (emphasis added).

By definition, the original infringement contentions are referred to as "disclosures" and therefore are among the "disclosures" requiring prompt supplementation under SPR 4.1.

The Patent Local Rules of other districts include similar terminology for defining when good cause exists for amending infringement contentions, such as Patent L.R. 3-6 of the Northern District of California. Under Northern District case law, "[t]he good cause inquiry 'considers first whether the moving party was diligent in amending its contentions and then whether the non-moving party would suffer prejudice if the motion to amend were granted.'" *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613 BLF (HRL), 2015 U.S. Dist. LEXIS 131821, at *4 (N.D. Cal. 2015) (quoting *Acer, Inc. v. Tech. Props. Ltd.*, No. 08-cv-00882 JF (HRL), 2010 U.S. Dist. LEXIS 142472 (N.D. Cal. Sept. 10, 2010); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)).

The Patent Local Rules are described as being "designed to require parties to crystalize their theories of the case early in the litigation and to adhere to those theories

once they have been disclosed." *LG Elecs. Inc. v. Q—Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002); *Atmel Corp. v. Information Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564 at *2 (N.D. Cal. 1998).  It is not expected, however, that Plaintiffs will "have a precise sense of its infringement theory at the outset" as such an expectation would be "unrealistic" because Plaintiffs "may not have been able to get access to the necessary information because it is hidden from view" prior to obtaining discovery.  *Peter S. Menell et al., Federal Judicial Center, Patent Case Management Judicial Guide* 4-14 (2009).  "Thus, the good cause standard of Patent L.R. 3-6 'serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case.'"  *Delphix*, 2015 U.S. Dist. LEXIS 131821, at *5 (quoting *Apple Inc. v. Samsung Elecs. Co*., No. CV 12-00630 LHK, 2012 U.S. Dist. LEXIS 163739, at *13 (N.D. Cal. 2012).  Kajeet understands this Court's SPRs to be similarly addressed to striking the balance to which the Northern District's Patent Local Rules are addressed.

IV.    **ARGUMENT**

A.    **The Standing Patent Rules Permit Amendment**

SPR 4.1 sets out the timing of filing of Final Infringement Contentions in patent infringement cases and states, in relevant part, that "[t]he deadlines provided in this rule ***do not excuse the requirement to supplement disclosures*** and discovery responses promptly."  S.P.R. 4.1 (2019) (emphasis added).  This requirement for prompt supplementation relates to, among other things, Plaintiff's ***Disclosure*** of Asserted Claims and Infringement Contentions pursuant to SPR 2.1, which is presented within §2 of the Standing Patent Rules, entitled "***PATENT DISCLOSURES***, EARLY MEETING OF THE PARTIES, AND SCHEDULING CONFERENCE".  S.P.R. 2.1 (2019) (emphasis added).  By its plain language, therefore, SPR 4.1 not only authorized, but ***requires*** prompt supplementation of infringement contention disclosures.

Beyond this, SPR 4.1, *et. seq.*, sets out certain requirements relating to the timing and basis for amendments to infringement contentions when presented in a Plaintiff's Final Infringement Contentions, requiring a showing of good cause therefor. For example, amendments in Final Infringement Contentions are permissible when made within 28 days after the entry of a claim construction order and when good cause for such amendment is based upon entry of claim constructions that differ from those proposed by the Plaintiff. In this context, the timing of amendment is directly tied to an occurrence in the case schedule – entry of the claim construction order. This effectively sets a single window of time when this basis for showing good cause permitting amendments presented in Final Infringement Contentions is ripe.

A second basis for good cause for amendments presented in Final Infringement Contentions is a recent discovery of non-public information about the accused products. This basis is not similarly tied to any particular occurrence in the case schedule. The window for showing good cause under this basis is therefore not confined to a single, brief span of time tied to an event on the case schedule, therefore. In truth, discovery of new and non-public information could occur at any point during discovery, including before or after claim construction and/or the deadline for serving Final Infringement Contentions. As such, amendments to contentions premised on good cause under this second prong of the SPR is not limited to a single, brief window of applicability. Any other interpretation of this SPR goes against the purpose of the SPRs (i.e., promoting early disclosure of positions relating to infringement and invalidity) by forcing the Plaintiff to wait until serving its Final Infringement Contentions before disclosing changes to its contentions premised upon a discovery of new information about the Accused Products that may have occurred months prior.

It stands to reason, therefore, that the SPRs are not so rigid as to prohibit amendments to infringement contentions which are sought at a time proximate to the occurrence creating good cause for amendment. This interpretation is consistent with

the Federal Rules, which requires parties to supplement its disclosures throughout litigation "in a timely manner."  Fed. Rules Civ. P. R 26(e).

### B.    Good Cause Exists for Amendment

In the present case, Kajeet has amended its infringement contentions to include additional evidence of infringement specifically relating to infringing operation of the Accused Products when implemented on Android devices and on iOS devices. Qustodio's recent service of its Supplemental Responses and Objections to Kajeet's First Set of Interrogatories as well as its having finally providing hard copies of the source code requested by Kajeet under the Standing Protective Order provide good cause for the present amendment.[6][7]  These recent productions disclosed new, non-public information about the operation of the Accused Products when implemented on computing devices implemented with the Andriod and iOS operating systems, respectively, that was neither publicly available nor produced at an earlier time in this case.[8]

---

[6] Qustodio's Supplemental Responses to Interrogatories Nos. 1 and 5, for example, provided brief descriptions of the operation of the Accused Products when used on: (1) non-iOS devices (i.e., Android devices); (2) iOS devices prior to June 17, 2016; and, (3) iOS device after June 17, 2016.  Wojcio Decl. at ¶10.  The details of such operation, and differences therebetween, were not publicly available nor were they disclosed in this case prior to service of Qustodio's Supplemental Responses on July 5, 2019.

[7] Qustodio's Supplemental Responses to Interrogatories Nos. 3-4, for example, provided brief descriptions of the relevant functional differences between and among the Accused Products which were not publicly available nor were they disclosed in this case prior to service of Qustodio's Supplemental Responses on July 5, 2019.  Wojcio Decl. at ¶11.  In fact, Qustodio's Supplemental Responses directly conflicted with prior assertions made by Qustodio and its counsel during this litigation relating to whether functional differences existed between the Accused Products for purposes of showing infringement of the asserted claims.  *Id.*

[8] Qustodio's original Responses and Objections to Kajeet's First Set of Interrogatories were not served with a verification statement and, therefore, were incomplete as a matter of law and not citable as evidence of infringement.  *Villareal v. El Chile, Inc.*, 266

Upon finally receiving Qustodio's belated production, Kajeet moved quickly to ascertain their impact on its infringement contentions and to consider whether the operation of the Accused Products on devices implemented with these different operating systems were sufficiently apart from one another that different patent claims need be asserted against each, based upon the manner in which each utilized and applied usage policies initially set via the Qustodio online dashboard.  Kajeet undertook this analysis while it also prepared for the combined hearing held on July 15, 2019, and afterwards during which the Court's tentative rulings on claim construction and guidance on patent eligibility were also considered.  This analysis led to Kajeet amending it infringement contentions for each already asserted claim to focus the allegations on either the Android or iOS implementation, as appropriate.  *See, generally,* Ex. B.  Further, Kajeet's analysis showed that the addition of two independent claims from the '559 Patent was appropriate, along with certain dependent claims thereof, as these claims appear to be closely aligned with the manner in which the Accused Products operate as described by Qustodio in its Supplemental Responses.  *See, generally*, Ex G.

This Court has recently allowed amendment of infringement contentions in a patent case ahead of and apart from the filing of Final Infringement Contentions, showing that amendment of contentions prior to filing of Final Infringement Contentions does not offend this Court's SPRs.  *See, Separation Design Grp. IP v. Inogen, Inc.*, No. LA CV15-08323 JAK (JPRx), 2016 U.S. Dist. LEXIS 186721, at *7-8 (C.D. Cal. 2016).  In *Separation Design*, Plaintiff served supplemental infringement

---

F.R.D. 207, 211 (N.D. Ill. 2010); *Hindmon v. Natl.-Ben Franklin Life Ins. Corp.,* 677 F.2d 617, 619 (7th Cir. 1982); *accord Overton v. City of Harvey,* 29 F. Supp. 2d 894, 901 (N.D. Ill. 1998); *McDougall v. Dunn,* 468 F.2d 468, 472-73, 476 (4th Cir. 1972); *Fonville v. Dist. of Columbia,* 230 F.R.D. 38, 45 (D.D.C. 2005); *United States v. Quebe*, 321 F.R.D. 303, 309-10 (S.D. Ohio 2017).

contentions on August 25, 2016, about six weeks prior to the deadline for filing its Final Infringement Contentions under the applicable SPRs. *Id.*, at *3, 7. Good cause for amendment existed by virtue of Plaintiff discovering that Defendant put a new infringing product on the market two months prior to service of Plaintiff's supplemental infringement contentions. The supplemental contentions added a new product to the case and also added previously unasserted claims from the Patents-in-Suit. *Id.*, at 4-5.

The Northern District of California's application of its similarly worded local rules defining when good cause exists for amending infringement contentions provides additional support for grant of the leave requested by Kajeet. The Northern District's Patent Local Rule 3-6(c) permits amendment of infringement contentions upon a "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Delphix*, 2015 U.S. Dist. LEXIS 131821, at *4. In *Delphix*, amendments to Plaintiff's infringement contentions were allowed based upon Defendant's later production of technical documents despite its earlier production of source code. *Id.*, at *5-6, 13-14. The *Delphix* decision cited favorably to and followed another Northern District case that likewise held that later-production of technical documents, despite earlier production of source code for the Accused Products, supplied good cause for allowing Plaintiff to amend its infringement contentions. *Delphix*, at *13-14; *Fortinet, Inc. v. Palo Alto Networks, Inc.*, No. C-09-00036 RMW, 2010 U.S. Dist. LEXIS 145792 at *3 (N.D. Cal. Nov. 5, 2010) (granting leave to amend where Plaintiff received source code for the accused products in January 2010 but did not receive further technical documentation regarding the accused products until four months later.)

Likewise, here, Qustodio's delay in serving verified responses to Kajeet's Interrogatories as well as hard copies of requested source code modules until just a few weeks ago, despite its having previously made source code available for inspection, provides good cause for granting Kajeet leave to amend its infringement contentions.

**C.    Qustodio will Suffer No Prejudice**

This Court noted in *Separation Design*, in which Plaintiff's supplemental infringement contentions were served at substantially the same point in the case schedule as Kajeet's Supplemental PICs, that the Defendant would not be prejudiced by entry of the supplemental contentions.  *Id.*, at *8-9.  Because the supplemental contentions were served months ahead of Defendant's filing date of its final invalidity contentions and expert reports.  Accordingly, the Court held that Defendant "will have time to investigate and incorporate changes in its final invalidity contentions and open[ing] expert reports."  *Id.*, at *7.  No change to the case schedule was needed, therefore.  This is precisely the case, here, as Qustodio's Final Invalidity Contentions and Expert Reports are not due for another three months.  Dkt. No. 88.  In fact, even less of a basis for claiming prejudice exists in the present case because, to date, Qustodio has yet to answer Kajeet's First Amended Complaint.

Additional claim construction is not necessitated by the addition of the newly asserted claims of the '559 Patent.[9]  Each of these claims share the same specification with the remainder of the claims asserted in this litigation and likewise use similar claim terms and limitations to those of the asserted claims for which Qustodio has already had the opportunity to present claim construction briefing.  Qustodio cannot disagree in light of its *twice* having argued to this Court that claim 27 of the '559 Patent is *so similar* to the other independent claims of the '559 Patent that representative claim analysis was appropriate in the context of deciding Qustodio's two *Alice* motions.  Dkt. No. 37 at 5-6 (asserted that the claims of the Patents-in-Suit "contain only minor differences in terminology" and "require performance of the same basic process").  A few months later, Qustodio argued in its second *Alice* motion that "[a]ny differences between the

---

[9] Kajeet additionally asserts claims 1-3, 5, 6, and 11-17 in its Supplemental PICs.  Claims 1 and 13 are independent claims while the remainder of the added claims are dependent claims therefrom.

Representative Claims and others are trivial." Dkt. No. 62 at 5. Beyond this, any argument by Qustodio that additional claim construction would be needed can have no moment in light of Qustodio *affirmatively withdrawing* every construction it proposed.

## V. CONCLUSION

While Plaintiff does not believe leave is necessary under SPR 4.1, if leave is necessary, this Court should grant Kajeet leave to amend its infringement contentions in accordance with the Supplemental PICs already served on August 1, 2019 without prejudice to Kajeet's serving its Final Infringement Contentions. Good cause exists for granting leave based upon Qustodio's belated production of discovery responses and source code module which disclose new, non-public information about the Accused Products and how they are implemented on computing devices implemented with different operating system. Kajeet has been diligent in both seeking production of this recently produced discovery and in amending and supplementing its infringement contentions upon receipt thereof. Based on the schedule in place and the timing of service of Kajeet's Supplemental PICs, Qustodio is not prejudiced by their entry in this case.

DATED: August 9, 2019          */s/ Richard A. Wojcio, Jr.*
                               Brandon C. Fernald
                               FERNALD LAW GROUP
                               510 W. 6TH Street, Suite 700
                               Los Angeles, California 90014
                               Telephone: (323) 410-0320
                               Fax: (323) 410-0330
                               Email: brandon.fernald@fernaldlawgroup.com

                               Of Counsel:

                               Jonathan T. Suder
                               Michael T. Cooke
                               Corby R. Vowell
                               Richard A. Wojcio, Jr.

FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Fax:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  mtc@fsclaw.com
Email:  vowell@fsclaw.com
Email:  wojcio@fsclaw.com

*Attorneys for Plaintiff KAJEET, INC.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of August, 2019, I electronically served the foregoing document on the attorneys of record for Defendant Qustodio, LLC as follows:

Manish K. Mehta – mmehta@beneschlaw.com
Lowell D. Jacobson – ljacobson@beneschlaw.com
Samuel Ruggio – sruggio@beneschlaw.com
Zaiba Baig – zbaig@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

Douglas Q. Hahn – dhahn@sycr.com
Salil Bali – sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, PC

*/s/ Richard A. Wojcio, Jr.*