Douglas Q. Hahn (SBN: 257559)
  dhahn@sycr.com
Salil Bali (SBN: 263001)
  sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4000
Facsimile: 949-725-4100

Kalpesh K. Shah (admitted *pro hac vice*)
  kshah@beneschlaw.com
Manish Mehta (admitted *pro hac vice*)
  mmehta@beneschlaw.com
Lowell D. Jacobson (admitted *pro hac vice*)
  ljacobson@beneschlaw.com
Zaiba Baig (admitted *pro hac vice*)
  zbaig@beneschlaw.com
Samuel J. Ruggio (admitted *pro hac vice*)
  sruggio@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312-212-4949
Facsimile: 312-767-9192

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>QUSTODIO, LLC,<br><br>   Defendant. | Case No. 8:18-cv-01519-JAK-PLA<br><br>**The Honorable John A. Kronstadt**<br><br>**DEFENDANT QUSTODIO'S RESPONSE TO PLAINTIFF'S NOTICE OF RECENT INFORMATION IMPACTING A MATTER PENDING BEFORE THE COURT** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4838-7745-2970v1/105552-0001

Defendant Qustodio, LLC ("Qustodio") submits this Response to Plaintiff's Notice of Recent Information Impacting a Matter Pending Before the Court (Dkt. 137) to supply context missing therefrom and from the substantively identical letter sent to the Court by Plaintiff's counsel Rich Wojcio.

**Judge Abrams's Order Has No Bearing On the Pending Motion**

The Order by Judge Abrams concerns documents that Plaintiff has sought but, to the extent that such documents exist, are not yet in its possession. Thus, such information logically cannot have any connection to the issues presented by Plaintiff's Motion for Leave to Amend (Dkt. 89), one of which is whether the information *already provided to Plaintiff during discovery* provides good cause for Plaintiff to assert additional claims that it deliberately sheltered from scrutiny under *Markman* and *Alice*. Just as Plaintiff's Motion for Leave to Amend fails to identify any nexus between that alleged "new information" produced during discovery and why it could not have asserted such new claims earlier on, such documents addressed by Judge Abrams's Order likewise have nothing to do with why Plaintiff could not have sought to assert such claims prior to August of 2019.

Qustodio maintains that such non-privileged technical documents requested by Kajeet either do not exist or were cumulative or duplicative of, or less clear than, the comprehensive source code and other technical documents that Qustodio produced pursuant to SPR 2.6.1. (*See* Dkt. 135 at 11–12.) Qustodio will of course comply with Judge Abrams's Order and conduct yet another comprehensive search for responsive technical documents, and will provide a comprehensive declaration describing the search, its parameters, and its results as Ordered. (*See id.* at 12.) But even if such documents existed, they lack any relationship to the *pending* Motion for Leave to Amend, which concerns information produced months ago.

**Kajeet Misleadingly Implies that Qustodio Failed to Comply with SPR 2.6.1**

The original Scheduling Order did set dates for production of documents *sufficient to show* the operation of the Accused Functionality pursuant to SPR

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
QUSTODIO'S RESP. TO PL.'S NOTICE OF RECENT INFORMATION
4838-7745-2970v1/105552-0001                                18-CV-01519

1  2.6.1, with non-source code documents on March 11, 2019 and source code
2  documents on March 25, 2019. But Plaintiff's Motion to Compel and Judge
3  Abrams's Order did not *in any way* address Qustodio's compliance with SPR 2.6.1,
4  as Mr. Wojcio misleadingly implies. Rather, the Order addressed Qustodio's
5  Responses to Plaintiff's Requests for Production, which were served on April 15,
6  2019. Notwithstanding Qustodio's timely responses, Plaintiff did not file any
7  motion to compel until September 27, 2019. (Dkt. 123.) Even though, as
8  discussed above, Judge Abrams's Order has nothing at all to do with the pending
9  Motion for Leave, to the extent that the Court considers it at all relevant, Plaintiff's
10 failure to move on its discovery complaints for nearly five months after receiving
11 Qustodio's responses should be considered as part of Plaintiff's lack of diligence,
12 and underscores that Plaintiff has failed to meet its burden to show good cause.

### **Qustodio Agrees that the Current Case Schedule Must be Modified**

14    Qustodio agrees with Plaintiff that further modifications to the current case
15 schedule will be necessary, and is scheduled to meet-and-confer with Plaintiff on
16 such issues tomorrow, in conjunction with a discovery meet-and-confer.
17 Specifically, Plaintiff's final infringement contentions, infringement expert report,
18 and damages expert report are currently due on November 11, 2019 (Dkt. 120), but
19 because the tentative *Alice* and *Markman* rulings have not been entered, and the
20 SPR provides by default 28 days from the entry of the *Markman* order for such
21 reports, Qustodio believes that the current SPR 4 deadlines and the close of fact
22 discovery should be stayed at the present time. Because Judge Abrams's Order
23 also ordered Kajeet to produce documents responsive to several of Qustodio's
24 requests for documents concerning Plaintiff's licensing communications and
25 negotiations relating to the patents-in-suit (Dkt. 135 at 9), and such information is
26 likewise necessary for Defendants to finalize their invalidity and damages cases,
27 additional reasons beyond those identified by Kajeet further support modifying the
28 case schedule.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
QUSTODIO'S RESP. TO PL.'S NOTICE OF RECENT INFORMATION
4838-7745-2970v1/105552-0001                                       18-CV-01519

Qustodio will cooperate with Plaintiff to jointly submit a revised case schedule for the Court's consideration once the Court's rulings on *Alice*, *Markman*, and Plaintiff's Motion to Amend have been entered and the scope of this case going forward has been delineated.

DATED: October 24, 2019

STRADLING YOCCA CARLSON & RAUTH P.C.

By: */s/ Salil Bali*
Douglas Q. Hahn
Salil Bali
Attorneys for Defendant
Qustodio, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
QUSTODIO'S RESP. TO PL.'S NOTICE OF RECENT INFORMATION
4838-7745-2970v1/105552-0001                                    18-CV-01519