UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SA CV18-01519 JAK (PLAx) | Date | November 1, 2019 |
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS (DKT. 89)**

**I.    Introduction**

Kajeet, Inc. ("Plaintiff") alleges that Qustodio, LLC ("Defendant") has infringed the following United States Patents: U.S. Patent Nos. 8,712,371 ("the '371 Patent"), 8,667,559 ("the '559 Patent"), and 8,630,612 ("the '612 Patent") (collectively "the Asserted Patents"). Complaint, Dkt. 1.

On August 9, 2019, Plaintiff filed a Motion to Amend its Disclosure of Asserted Claims and Infringement Contentions. Dkt. 89 (the "Motion"). After the Motion was filled, but before the due date for any opposition, Defendant filed an *ex parte* application concerning the parties' dispute about Plaintiff's service of supplemental infringement contentions. Dkt. 96. The application was denied, but the hearing scheduled on the Motion was advanced from November 18, 2019 to October 28, 2019. Dkt. 104. Defendant subsequently filed its opposition to the Motion. Dkt. 111 (public version). Plaintiff filed a reply. Dkt. 113.

Based on a review of the aforementioned briefing, it was determined that the Motion could be decided without a hearing. The hearing scheduled for October 28, 2019 was taken off calendar, and the Motion was taken under submission. Dkt. 136; *See* L.R. 7-15. For the reasons stated in this Order, the Motion is **GRANTED**.

**II.    Background**

Plaintiff filed this action on August 24, 2018. Dkt. 1. Defendant then filed a motion to dismiss the complaint on the claimed basis that the Asserted Patents are invalid under 35 U.S.C. § 101. Dkt. 37. After a hearing was held on that motion, an Order issued granting the motion with leave for Plaintiff to file an amended complaint. Dkt. 56. Plaintiff filed its First Amended Complaint on March 14, 2019. Dkt. 57 ("FAC"). On April 15, 2019, Defendant filed a motion to dismiss the FAC, which raised substantially similar arguments under § 101 that were presented in the prior motion to dismiss the complaint. Dkt. 62.

A hearing on the motion to dismiss the FAC and regarding disputed claim terms was held on July 15,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

2019.[1] Dkt. 85. At the hearing, the Court stated its tentative views, including that the asserted claims of the '371 and '612 Patents may be invalid under 35 U.S.C. § 101. Following argument by counsel, the motion to dismiss the FAC and the parties' claim construction disputes were taken under submission. Dkt. 85. An order regarding those issues is being issued concurrently with this Order.

Approximately two weeks later, on August 1, 2019, Plaintiff served supplemental infringement contentions.[2] Dkt. 89 at 1. The supplemental infringement contentions add 12 new asserted claims for the '559 Patent, including two independent claims (Claims 1 and 13) and ten claims that depend from one of these two claims. After Plaintiff served Defendant with the supplemental infringement contentions, Defendant "challeng[ed] the[ir] appropriateness." Dkt. 96 at 2. Plaintiff subsequently filed this Motion "[o]ut of an abundance of caution." Dkt. 89 at 1.

The previous deadline for Plaintiff to serve Final Infringement Contentions was October 2, 2019. However, the parties filed a joint stipulation to extend that deadline to November 11, 2019 "to reset deadlines to after the hearing set for October 28, 2019." Dkt. 108. That stipulation was approved. Dkt. 120.

III.   **Analysis**

   A.   **Legal Standards**

The Standing Patent Rules ("S.P.R.s") "are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). District Courts have the inherent power to manage their dockets and "are authorized to 'consider and take appropriate action' to facilitate the 'just speedy, and inexpensive disposition' of all matters before them." *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016).

Final infringement contentions that reflect new positions are subject to a good cause standard. S.P.R. 4.1. If a party receiving amendments to contentions "believes that amendments were made without good cause, it may move the Court to strike them." *See, e.g., id.* To show good cause, the party who has amended its contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed." *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

   B.   **Application**

Each party has presented a detailed account of the procedural history of this dispute in the briefing of the Motion. Each relies on these events to support its position regarding whether Plaintiff was diligent in developing the basis for its proposed, supplemental infringement contentions. The events mentioned by

---

[1] A hearing on a Special Motion to Strike Counts 4 and 5 pursuant to the Anti-SLAPP Statute was also held on the same date. Dkt. 85; *see also* Dkt. 61 ("Anti-SLAPP Motion"). An Order was issued on the Anti-SLAPP Motion on August 22, 2019. Dkt. 102.
[2] Plaintiff served its original infringement contentions on December 11, 2018. Dkt. 89 at 2. Those contentions asserted infringement of Claims 27, 28, and 30 of the '559 Patent. Dkt. 111 at 2 (citing Dkt. 89-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

the parties include the following: (i) dates discovery requests were served, (ii) dates and details of when discovery responses were, or should have been, received, (iii) dates and details of Plaintiff's review of Defendant's source code, and (iv) details of the parties' additional communications regarding the adequacy of the other's discovery responses. *See* Dkt. 89 at 2-5; Dkt. 96 at 1-2, 8-11. Plaintiff argues that the recent production of hard-copy source code and Defendant's supplemental responses to interrogatories show that Plaintiff's supplemental contentions should be deemed timely and ones that reflect its due diligence. Dkt. 89 at 2-5. Defendant disputes that new information provided through discovery forms the basis for Plaintiff's proposed, supplemental infringement contentions. Dkt. 111 at 1.

The parties also dispute whether, if the supplemental infringement contentions are permitted, Defendant would be unduly prejudiced. Plaintiff contends that the supplemental contentions were served months in advance of the deadline for Defendant to serve final invalidity contentions. *Id.* at 12. Plaintiff then states that "[a]dditional claim construction is not necessitated by the addition of the newly asserted claims of the '559 Patent." *Id.* Plaintiff then adds that, "[Defendant] cannot disagree in light of its **twice** having argued to this Court that claim 27 of the '559 Patent is **so similar** to the other independent claims of the '559 Patent that representative claim analysis was appropriate in the context of deciding [Defendant's] two *Alice* motions." *Id.* (emphasis in original). Defendant argues that Plaintiff's late attempt to add 12 new claims should not be allowed, in light of the work that the parties already have invested in the previous claim construction and motion practice. Dkt. 96 at 14-15; *see also* Dkt. 104 at 1.

"[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend." *Fontem Ventures, B. V. v. NJOY, Inc.*, No. CV 14-1645-GW (MRWx), 2015 WL 12720308, at *2 (C.D. Cal. July 20, 2015) (quoting *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd*, No. 13-cv-05184-SBA, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014)). Here, final contention deadlines and expert report deadlines have not yet passed in this case. In light of that, and the other open matters, Defendant has not made a sufficient showing of prejudice to warrant the denial of the Motion; provided, however, this is without prejudice to a later request by Defendant, for good cause shown, to extend certain current pre-trial deadlines to permit it adequately to respond to the amended infringement contentions.

Defendant argues that the addition of new claims at this stage will "drastically expand" the work of its experts. Dkt. 96 at 5. However, the deadline for Defendant's expert reports is now December 20, 2019. *See* Dkt. 120. Defendant also does not identify new limitations in either of the two newly-asserted independent claims or ten newly-asserted dependent claims to support this assertion. In addition, although Defendant argues that new claim terms would require construction from the new asserted claims, the terms Defendant identifies are substantially similar to terms that are already being considered in the parties' claim construction disputes. In light of this, Defendant does not adequately explain why an additional claim construction would be necessary at this stage.

Defendant also argues that it has been prejudiced because the timing of Plaintiff's supplemental infringement contentions "preclud[ed] a meaningful *inter partes* review petition." Dkt. 111 at 10. Based on a review of the USPTO PTAB database, it appears Defendant did not file any IPR petitions with respect to the '559 Patent (or the other two Asserted Patents) before the requisite deadline, including as to the claims that Plaintiff originally asserted. Defendant suggests that the '559 Patent might have become an "IPR candidate" if Plaintiff had earlier asserted the additional claims from the '559 Patent. Given that Defendant decided not to file IPR petitions against any of the asserted patents, and instead focused on repeated § 101 challenges, which is an invalidity ground that cannot be raised in IPR, Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV18-01519 JAK (PLAx) | Date | November 1, 2019 |
|---|---|---|---|
| Title | Kajeet, Inc. v. Qustodio, LLC | | |

argument is not a persuasive basis to show prejudice.

Defendant also argues that there is prejudice because of uncertainty regarding whether the supplemental infringement contentions should be deemed operative. The Patent Local Rules of this Court support that the supplemental infringement contentions are operative when served. Further, this Order resolves the parties' dispute regarding the supplemental infringement contentions. For these reasons, Defendant's arguments of prejudice due to uncertainty are not persuasive. However, as noted above, this determination is without prejudice to a future request by Defendant to extend certain pre-trial deadlines.

Defendant also makes a futility argument regarding some of the newly-asserted claims. Defendant suggests that, because Plaintiff's supplemental infringement contentions fail to set forth a sufficient infringement theory as to Claims 13 through 17 of the '559 Patent, Plaintiff's request for leave to amend its contentions should be rejected at least as to these claims. Dkt. 111 at 9-10. Defendant's short argument presents issues that are better suited for consideration in a later, substantive non-infringement challenge that is based on a more complete factual record and following other disclosures that are anticipated by the current schedule in this matter.

## IV.     Conclusion

For the reasons stated in this Order, the Motion (Dkt. 89) is **GRANTED**.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer     ak