# EXHIBIT "I"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KAJEET, INC., <br>         Plaintiff, <br> vs. <br> QUSTODIO, LLC, <br>         Defendant. | CASE NO. 8:18-cv-01519-JAK-PLA <br><br><br><br> **JURY TRIAL DEMANDED** |

## SUPPLEMENTAL DECLARATION OF DR. CHARLES D. KNUTSON

Dated: November 13, 2019

_____
Charles D. Knutson

## I. INTRODUCTION

1. My name is Charles D. Knutson. I am over 18 years of age and competent to testify to the facts stated herein. I have personal knowledge of the facts stated herein. I declare under penalty of perjury under the laws of the United States that they are true and correct.

2. This declaration supplements and adds to the opinions presented in my prior declaration entered in this case which was filed in connection with Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and as an exhibit to the First Amended Complaint. See Dkt. Nos. 43-7 and 57-5. The facts and opinions expressed in my prior declaration are incorporated herein.

3. The following statements set forth my opinions relating to the patent eligibility of claims 1 and 13 of U.S. Patent 8,667,559 and the basis for them. The statements expressed herein do not constitute an exhaustive discussion of each and every detail that relates to or supports my opinions. As such, I reserve the right to explain and support my opinions further. I also reserve the right to supplement, alter or modify my opinions, if necessary, to respond to additional positions taken by Defendant Qustodio, LLC.

4. Claim 1 of the '559 Patent contemplates a memory structure imparted with instructions (i.e., software) which cause a computing device executing the

instructions to enforce a decision on whether a function of the computing device using a communication network is granted or denied. Claim 1 requires that the computing device formulate a request that is sent to a server and receive back from the server a response in real-time indicating whether the request is granted or denied. In this context, and in light of the disclosure of the specification, it is my opinion that a person of ordinary skill in the art would understand the server claimed to be remote from the computing device. Claim 1 requires that the decision to grant or deny the request is "based on one or more policies that are stored at the server." The computing device is further caused to enforce the response indicative of the grant/deny decision by enabling the communication when the request is granted and disabling the communication when the request is denied. Enforcement occurs "without accessing the one or more policies by the computing device."

5. The communications and component arrangement required by the limitations of claim 1 capture a distributed architecture disclosed in the '559 Patent and therefore the claim is confined to a particular solution within the corresponding technical field rather than being directed merely to the broader abstract concept of applying policies to control access. Server-level storage of policies upon which decisions are based as required by claim 1 renders these

policies less vulnerable to manipulation by the user of the device(s) being managed while still accommodating real-time control concurrent with device usage. This improves the functionality of the control apparatus through improved security, effectiveness, and robustness of control accommodated. As a person of ordinary skill in the art, I recognize claim 1 as being confined in scope with respect to *how* the technical problem to which it is addressed is solved. Claim 1 presents a concrete solution implementing a not well-understood nor routine component arrangement at the time of the filing of the '559 patent.

6. When considered as an ordered combination of elements, claim 1 comprises an "inventive concept" via at least its requirement that the controlled device be apart from the policies upon which grant/deny decisions are based while enforcement of grant/deny decisions occurs on the computing device. This represents an unconventional arrangement not well-known at the time. By virtue of this unconventional arrangement, improvements in the control are realized through enforcement of decisions based on policies stored remote from and not accessed by the controlled device, keeping the policies safe from being modified or deleted by the user accessing administrator-configured policies on the device. Instead, the device is configured to receive decisions from a server based on

application of policies to requests from the device which are then enforced on the device, thereby controlling its use.

7. Claim 13 is addressed to a computing device implemented with software causing it to determine whether a communication by the device on a communication network is enabled or disabled. Claim 13 requires application of a decision stored on the device and an update to the decision received from a server to make the determination. Importantly, the decision is received from the server for storage on the device and "based on a policy that is stored at the server." In this context, and in light of the disclosure of the specification, it is my opinion that a person of ordinary skill in the art would understand the server claimed to be remote from the computing device. The software causes the computing device to formulate a request to establish communication with a remote computing device and then applies the decision received from the server and an update received from the server to determine whether the policy stored at the server mandates a grant or a denial of the request. This determination is then enforced on the device through enabling or disabling of the communication.

8. The component arrangement and communication scheme required by claim 13 capture the distributed architecture disclosed in the '559 Patent and therefore the claim is confined to a particular solution within the corresponding

technical field rather than being directed merely to the broader abstract concept of applying policies to control access. Server-level storage of policies upon which decisions and updates are based, and correspondingly upon which determinations on usage requests are based, renders these policies less vulnerable to manipulation by the user of the device(s) being managed while still accommodating control concurrent with device usage. This improves the functionality of the control apparatus through improved security, effectiveness, and robustness of control accommodated. The arrangement of claim 13 further improves functionality through its use of decisions and updates thereto delivered to the computing device from the server for use in making the grant/deny determinations on the device. This reduces the workload of the server storing administrator-configured policies by requiring it only to send to the computing device a decision based on the policy (not the policy itself) and update(s) to the decision for application to requests by the computing device. The server is not tasked with responding to every request formulated with a final determination on whether the request should be granted or denied. This arrangement maintains the security achieved through disposing policies upon which the determination on requests are based remotely from the computing device while also placing less of the workload in effecting control of the computing device on the server. As a person of ordinary skill in the art, I

recognize claim 13 as being confined in scope with respect to *how* the technical problem to which it is addressed is solved. Claim 13 presents a concrete solution implementing a not well-understood nor routine component arrangement at the time of the filing of the '559 patent.

9. When considered as an ordered combination of elements, claim 13 comprises an "inventive concept" via at least its requirement that the controlled device be apart from the policies upon which decisions and updates are based while determination on requests and enforcement occurs on the computing device. By virtue of this unconventional arrangement, improvements in the control are realized through at least enforcement based on policies stored remote from the computing device, keeping the administrator-configured policies safe from being modified or deleted by the user, while also limiting the workload of the server element as part of making determinations on requests.